UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

RODNEY and WILMA D. EARLEY, )
    Plaintiffs; )
)
-vs.- ) No. CV-97-P-586-S
)
GENERAL MOTORS CORPORATION )
and EDWARDS CHEVROLET )
COMPANY, )
    Defendants.

FILED
98 APR 21 PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 21 1998

## OPINION

The Defendants, General Motors Corp. and Edwards Chevrolet Company, filed a motion for summary judgment that was heard at the court's April motion docket. For the following reasons, this motion is due to be granted in part and denied in part.

### Facts[1]

The Plaintiffs, Rodney and Wilma D. Earley, purchased a 1995 Chevrolet Blazer from Edwards on August 11, 1995. The vehicle was manufactured by defendant General Motors. According to the Plaintiffs, Edwards represented to them that 1995 Chevy Blazers were excellent vehicles with a good or excellent service record. The Blazer came with a standard General Motors three year or 36,000 mile repair or replacement warranty. The Plaintiffs also purchased the extended four year/ 60,000 mile warranty from General Motors. In connection with the sale, the Plaintiffs signed disclaimers that stated that any and all warranties on the Blazer were those of the manufacturer alone and that the dealer expressly disclaimed any express or implied

---

1. The recitation of "facts" is based on the materials submitted viewed in the light most favorable to the plaintiff.

warranty on the Blazer.

Shortly after the purchase, the Plaintiffs began having numerous persistent and repeated problems with the vehicle. These problems included the following: 1) the engine had to be repaired several times and was eventually rebuilt; 2) the transmission had to be repaired several times and was eventually rebuilt; 3) the console and driver side seat belt had to be replaced; 4) the brakes had to be repaired and partially replaced; 4) the windshield wipers did not operate properly; and 5) the doors did not operate properly. The Defendants made these repairs without charge pursuant to the manufacturer's warranty and provided a rental car without charge when necessary. The Plaintiffs allege that the Defendants were unable to correct these numerous and persistent problems, even after numerous attempts at repair.

On January 31, 1997, the Plaintiffs filed this civil action in Jefferson County Circuit Court. It was removed to this court on March 7, 1997. The six-count Complaint alleges: 1) fraudulent misrepresentation; 2) fraudulent suppression; 3) breach of contract; 4)breach of express and implied warranties; 5) negligence; and 6) violation of the Magnuson-Moss Federal Warranty Act.

## Analysis

The Defendants have moved for summary judgment on all of the Plaintiffs' claims. The court finds that, on the basis of the undisputed facts, the Defendants are entitled to judgment as a matter of law on the Plaintiffs' fraudulent misrepresentation and suppression claims, their negligence claims, and their claims against defendant Edwards for breach of contract and breach of warranty. The Defendants' motion is due to be denied as to the Plaintiffs' warranty claims against defendant General Motors.

The Plaintiffs allege that the statement that '1995 Blazers were excellent vehicles with a good or excellent service record', forms the basis for a claim of fraud. The court assumes for the purposes of this motion that such statements were made, but concludes that they were mere expressions of opinion or sales talk that does not constitute actionable fraud. Such statements are mere puffery. In other words, they are not misstatements of material fact upon which a customer could reasonably rely, and thus do not support an action for fraud. *See, Hughes v. Hertz Corp.*, 670 So. 2d 882, 885 (Ala. 1995). Likewise, the Plaintiffs have produced no evidence that the Defendants failed to disclose any material fact that induced the Plaintiffs to act. Thus, both the Plaintiffs' misrepresentation and suppression claims are due to be dismissed.

The court also finds that the Plaintiffs' breach of contract and breach of warranty claims against Edwards are due to be dismissed in light of Edwards' conspicuous written disclaimer of all implied warranties, and the fact that Edwards made no express warranties regarding the Blazer. *Fincher v. Robinson Bros. Lincoln-Mercury, Inc.*, 583 So.2d 256, 258-59 (Ala. 1991)

The court also finds that the Plaintiffs' negligence claims are due to be dismissed because the Plaintiffs have produced no evidence that the Defendants were negligent with respect to repairs made to the Blazer, or that the Plaintiffs suffered any damages as a result of the alleged breach of duty.

The court finds that there are genuine disputes of material fact regarding whether or not the defendant General Motors ever satisfactorily corrected the problems with the Plaintiffs' Blazer, and if so, whether that was done within a reasonable time. Because of the dispute over whether General Motors failed to perform or honor the essential purpose of their warranty, their motion is due to be denied as to the Plaintiffs' breach of warranty claims against General Motors.

## Conclusion

The Defendants' Motion for Summary Judgment is due to be granted in part and denied in part. The motion is due to be granted as to the Plaintiffs' fraudulent misrepresentation and suppression claims, their negligence claims and their breach of warranty and contract claims against Edwards. The motion is due to be denied only as to the Plaintiffs' state and federal warranty/contract claims against General Motors.

Dated: April 21, 1998

                                                                   Chief Judge Sam C. Pointer, Jr.

Service List:
    Charles L. Robinson
    John A. Smyth, III
    R. Gordon Pate

4